UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEMIAH ARMSTRONG, JR.,  :
    Plaintiff,  :
      :
v.  :    C.A. No. 17-111WES
      :
ROBERT MOROE and ROGER BYRON,  :
    Defendants.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Over six months ago, on March 22, 2017, Plaintiff Nemiah Armstrong filed what purported to be a *pro se* complaint, together with a motion for *in forma pauperis* ("IFP") status and a motion to appoint counsel. ECF Nos. 1-3. This initial filing did not pass preliminary screening under 28 U.S.C. § 1915(e)(2)(B) because Mr. Armstrong had failed to attach the "paper" containing the statement of his claim and a prayer for relief; based on this deficiency, on March 31, 2017, I ordered him to file an amended complaint within thirty days. ECF No. 4. This Order included specific instructions on how to correct the deficiency, including the importance of compliance with the requirements of Fed. R. Civ. P. 8 and 10. ECF No. 4 at 2. The Court waited until a week after the deadline had passed; when nothing was filed, on May 9, 2017, I recommended that the matter be dismissed without prejudice. ECF No. 5 at 1-2.

Plaintiff filed a timely objection to my report and recommendation; the objection consisted of the "paper" that was referenced but not filed with his complaint, together with copies of documents pertinent to his claims and his IFP motion. ECF No. 6. Despite being "clearly delinquent" as a pleading stating a plausible claim, based on Mr. Armstrong's *pro se* status, the District Court accepted the filing as an amended complaint and re-referred the IFP and counsel motions to me for report and recommendation. ECF No. 7 at 1.

On the second pass, the Court carefully screened the amended complaint on the merits to determine whether it colorably stated a conceivably plausible claim and was not frivolous. Again, I recommended that it be dismissed without prejudice, with leave to amend, this time because it lacked plausible facts setting out what might be a timely actionable claim. ECF No. 8 ("July 25 R&R"). To aid Mr. Armstrong, the July 25 R&R advised him of the substantive deficiencies and instructed him on what would be necessary to include in a second amended complaint that would survive screening. ECF No. 8. It also warned that he would run the risk of summary dismissal if he filed a second amended complaint that did not cure the noted deficits. ECF No. 8 at 8. Chief Judge Smith adopted the July 25 R&R in its entirety on August 11, 2017, including the recommendation that Mr. Armstrong be allowed thirty days to file a second amended complaint. ECF No. 9 at 2. The District Court cautioned that the amended complaint "shall be summarily dismissed and the case shall be terminated" if a second amended complaint is not filed in thirty days, or, if timely filed, the second amended complaint is still deficient. ECF No. 9 at 2.

Within the thirty-day period for filing a second amended complaint, Mr. Armstrong filed a document captioned "Amendment." ECF No. 10. Pursuant to the District Court's directive, I have reviewed it to determine whether it is still deficient. Based on that review, I find that the Amendment fails to cure the deficiencies identified in the Court's prior orders and my reports and recommendations. For starters, it does not purport to be a stand-alone complaint as it lacks the foundational element of a cause of action. See Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *2 (D.R.I. June 19, 2015). Rather, it amounts to a prayer for relief for $500,000 based on pain and suffering because "I was discriminated against all my time here" and because "conditions are not improving at the Woonsocket Housing Authority." ECF No. 10 at 1-2. It

adds the Woonsocket Housing Authority as a new defendant and offers evidence of discrimination in the form of new attachments, with the promise of more to come, and asks for the Court's help.[1] ECF No. 10 at 1-2. The Amendment alleges that Mr. Armstrong can "show evidence of many lawyer and law firms that try to solve problems" for him and his family. ECF No. 10 at 2.

The only potentially plausible facts in the Amendment are set out in the attachments. ECF No. 10-1. These reflect that Mr. Armstrong signed a 2011 Housing Discrimination Charge arising from an August 23, 2011, incident during which Mr. Armstrong's son, whose presence allegedly was required as an accommodation of Mr. Armstrong's "physical disability," was barred from the housing complex operated by the Woonsocket Housing Authority. ECF No. 10-1. It is impossible to ascertain whether this charge was ever filed with the Rhode Island Commission for Human Rights, or what happened if it was. As with Mr. Armstrong's claims from 2004 in the pending amended complaint, the statute of limitations on any federal cause of action potentially arising from the facts recited in this 2011 Housing Discrimination Charge has long since run. The Fair Housing Act requires that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, . . . whichever occurs last." 42 U.S.C. § 3613(a)(1)(A). While the statute of limitations may be tolled during "an administrative proceeding under this subchapter," 42 U.S.C. § 3613(a)(1)(B), there is nothing in Mr. Armstrong's filing to suggest any basis for tolling as to this 2011 incident. See

---

[1] The Amendment charges the new defendant, Woonsocket Housing Authority, with "discrimination"; the attachment to the Amendment includes a "trespass notice" signed by "Robert R. Moreau," who presumably is Defendant Robert Moroe. ECF No. 10 at 2; ECF No. 10-1 at 5. The Amendment does not mention Defendant Roger Byron. Based on this deficit, if the Court does not otherwise adopt this report and recommendation, I recommend that the case should be dismissed as to Defendant Byron.

Lath v. Oak Brook Condo. Owners' Ass'n, Civil No. 16-cv-463-LM, 2017 WL 3444774, at *3 (D.N.H. Aug. 8, 2017) ("it seems clear that filing a complaint with a state agency such as the HRC does not toll the running of the FHA statute of limitations") (appeal pending).

Based on the foregoing, I find that Mr. Armstrong's Amendment remains deficient in that it does not state a timely claim upon which relief may be granted; for this reason, it should be summarily dismissed. See 28 U.S.C. § 1915(e)(2). It also fails to comply with the basic pleading requirements in Fed. R. Civ. P. 8(a)(2) and 10(a)-(b), which mandate that a complaint must set forth with specificity the "who, what, when, where, and why" information necessary for a plausible claim. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("complaint should at least set forth minimal facts as to who did what to whom, when, where, and why"). As such, it fails to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Iqbal, 556 U.S. at 680 (complaint must nudge claims from conceivable to plausible).

This case has now been pending for six months and Mr. Armstrong has received repeated judicial guidance regarding how to perfect his pleading; for the third time, he has failed to do so. Having reviewed the Amendment with the liberality required in any case with a *pro se* plaintiff, Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), I recommend that it be summarily dismissed and the case terminated.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

4

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 26, 2017